# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARK A. MAXWELL, ) </br> ) </br> Movant, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) | No. 4:16-CV-0874-DGK </br> (Crim. No. 4:14-CR-0126-DGK) |

## ORDER DENYING MOTION TO CORRECT SENTENCE

Movant Mark Maxwell pled guilty under a plea agreement to being a felon in possession of a firearm. At sentencing, the Court found his prior felony conviction in Missouri for second-degree burglary qualified as a crime of violence under the Sentencing Guidelines ("the Guidelines") and sentenced him to 78 months' imprisonment, the top end of the Guidelines range. Movant has now filed a motion to correct his sentence under 28 U.S.C. § 2255 (Doc. 2), arguing his sentence is unlawful in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Now before the Court are Movant's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 2); the Government's Motion to Stay Proceedings (Doc. 4); defense counsel's Motion for Leave to Withdraw as Appointed Counsel, or, in the Alternative, to Expand the Scope of Counsel's Appointment, and for Leave to Supplement the Petitioner's Initial § 2255 motion (Doc. 6); and the Government's Opposition (Doc. 7) to the motion to vacate.

A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Movant argues he was not eligible for an enhanced base level sentence under the Guidelines because his prior conviction

for second-degree burglary no longer qualifies as a crime of violence in the wake of *Johnson*, and the sentence imposed on him violates due process of law.

Assuming for the sake of argument that Movant's asserting this claim does not violate the provision of his plea agreement waiving his right to collaterally attack his sentence, Movant's claim is still unavailing. In *Beckles v. United States*, the Supreme Court held that the advisory Sentencing Guidelines are not subject to a challenge under the Due Process Clause like the residual clause of the Armed Career Criminal Act ("ACCA") was in *Johnson*. 137 S. Ct. 886 (2017). Unlike the residual clause of the ACCA, the Sentencing Guidelines do not fix the permissible range of sentences but merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the statutory range. *Id.* at 894.

Because Movant's claim is based on the same argument the Supreme Court rejected in *Beckles*, Movant's claim is denied.

Where a motion raises no disputed question of fact, an evidentiary hearing is not required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969). There are no disputed questions of fact here, so no evidentiary hearing will be held.

Finally, the Court holds no reasonable jurist would grant this motion and so declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

In conclusion, the Government's motion to stay (Doc. 4) is DENIED AS MOOT. Defense counsel's motion for leave to withdraw as appointed counsel (Doc. 6) is GRANTED.

Movant's § 2255 motion (Doc. 2) is DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  May 22, 2017                                          /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT